IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.    ) | Case No. 2:23-cr-00014-MHH-GMB |
| ) | |
| **IRVIN ALEJANDRO RODARTE**    ) | |

**PLEA AGREEMENT**

The defendant agrees to plead guilty to **COUNTS ONE through SEVEN** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to **dismiss COUNT EIGHT**, and recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

**TERMS OF THE AGREEMENT**

**I. <u>MAXIMUM PUNISHMENT</u>**

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Conspiracy to Defraud the United States, in violation of Title 8, United States Code, Section 371, as charged in COUNT ONE, is:

    a. Imprisonment of not more than 5 years;

    b. A fine of no more than $250,000;

Page **1** of **19**   Defendant's Initials *IR*

    c. Both (a and b);

    d. Supervised release term of at least 3 years;

    e. Special Assessment Fee of $100 per count.

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Engaging in the Business Without a License (Firearms), in violation of Title 18, United States Code, Section 922(a)(1)(A), as charged in COUNT TWO, is:

    a. Imprisonment of not more than 5 years;

    b. A fine of no more than $250,000;

    c. Both (a and b);

    d. Supervised release term of at least 3 years;

    e. Special Assessment Fee of $100 per count.

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Travel into or within the United States with Intent to Violate Section 922(a)(1)(A), in violation of Title 18, United States Code, Section 924(n), as charged in COUNT THREE, is:

    a. Imprisonment of not more than 10 years;

    b. A fine of no more than $250,000;

    c. Both (a and b);

  d. Supervised release term of at least 3 years;

  e. Special Assessment Fee of $100 per count.

The defendant understands that the maximum statutory punishment that may be imposed for the crime of False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 922(a)(6), as charged in COUNTS FOUR, FIVE, and SIX, is:

  a. Imprisonment of not more than 10 years;

  b. A fine of no more than $250,000;

  c. Both (a and b);

  d. Supervised release term of at least 3 years;

  e. Special Assessment Fee of $100 per count.

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Shipping, Transport, or Receipt of Firearm with Intent to Commit Felony, in violation of Title 18, United States Code, Section 924(b), as charged in COUNT SEVEN, is:

  a. Imprisonment of not more than 10 years;

  b. A fine of no more than $250,000;

  c. Both (a and b);

  d. Supervised release term of at least 3 years;

e. Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On July 29, 2021, Special Agent (SA) Vessels with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) became aware of suspicious firearms-purchase activity by IRVIN ALEJANDRO RODARTE, ELIO FRANCISCO REYES, and STEPHEN CRISTOMO MARCELO. SA Vessels received information that on July 29, 2021, RODARTE and MARCELO traveled from Texas to Alabama to purchase five Barrett, .50 caliber rifles. SA Vessels discovered that RODARTE and REYES had purchased sixteen (16) Barrett, M82A1, .50 BMG caliber rifles between the dates of June 19, 2021 and July 29, 2021, from Birmingham Pistol Wholesale (BPW), located within the Northern District of Alabama. Additional firearms (various pistols) were purchased by RODARTE, REYES, and MARCELO in Alabama and transferred to a federal firearms licensee/dealer named Armed Concepts located in Spring, Texas for pickup.

On August 5, 2021, SA Vessels learned that RODARTE and MARCELO were back at BPW in a rental U-Haul truck, attempting to purchase six more Barrett

.50 caliber rifles. Members of ATF conducted surveillance on Irvin RODARTE and Stephen MARCELO, and the agents were able to intervene and delay the transfer. RODARTE opted to prepay for the rifles while waiting on his delay status. RODARTE provided BPW $60,420 in cash. Agents learned that RODARTE and MARCELO were at KY Imports in Louisville, KY, the day before. RODARTE and MARCELO would have need of the U-Haul truck for transporting a large amount of ammunition. Agents followed the vehicle after it left, until it parked at the Courtyard by Marriott Hotel located at 3665 Roosevelt Blvd, Birmingham, Alabama.

On August 6, 2021, agents observed the U-Haul truck at the hotel and waited for it to leave. TFO Talton, in his marked JCSO cruiser, knew of the investigation, performed a traffic stop on the vehicle because the driver RODARTE was not wearing his seatbelt. SA Brooks explained the situation to RODARTE and MARCELO and asked if there were any weapons in the vehicle, RODARTE advised "No weapons." In the front of the truck, under the driver's seat, SA Brooks observed a black magazine pouch containing an AR style drum magazine with .223 caliber ammunition in it. Due to the response of RODARTE and Brooks' observation, the rear of the vehicle was searched. Agents recovered 10 wooden crates, each containing 2 ammunition cans containing 100 rounds of .50 BMG

linked ammunition (4 ball/1 tracer) totaling 2000 rounds of .50 BMG belted ammunition, 2 ammunition cans, each containing 1500 .308/7.62x51 caliber, linked ammunition (4 ball/1 tracer) totaling 3000 rounds of .308 caliber belted ammunition, and 2 cases of 500 rounds of FNC 5.7x28mm ammunition totaling 1000 rounds. Both subjects were detained and transported to the ATF Office for interviewing.

RODARTE was read his constitutional rights under *Miranda* and agreed to speak with agents by signing a notice of rights form. The interview was audio and video recorded. RODARTE informed agents he was unemployed, lives with his girlfriend and their infant child at his parent's house in Houston TX.

RODARTE admitted to being paid to cross state lines to straw purchase firearms and that he suspected the firearms he had straw purchased in the past had probably been sent to Mexico. RODARTE stated all the funds (cash) used to conduct the purchases were not his.

RODARTE stated that, over several visits to BPW in Trussville, Alabama, he had purchased or been complicit in the purchase of at least sixteen (16) Barrett .50 caliber rifles expending over $160,000 in cash for the firearms. Further, RODARTE said he would drive the unlawfully purchased firearms back to Houston, Texas.

On August 5, 2021, SA Vessels and Settelen reviewed the Customs and Border Protection (CBP) border- crossing data for IRVIN RODARTE. RODARTE has entered the United States from Mexico twice in June 2021, indicating he has recently traveled to Mexico. Also on August 5, 2021, law-enforcement sources were queried for wage- reporting information pertaining to RODARTE, REYES, and MARCELO. To date, the three men have conducted approximately $222,370 worth of transactions at BPW. Based on the information received from the wage query, SA Vessels determined the cumulative total of their reported collective incomes in 2020 was approximately $51,000, less than a quarter of the money spent by RODARTE, REYES, and MARCELO at BPW in less than seven weeks.

An "Informe Policial Homologado" (Uniform Police Report) and other reports provided to ATF by GOM, "Fiscalia General de la Republica" (Mexico Attorney General) recorded the recovery of three firearms by GOM authorities on November 10, 2021. ATF Monterrey, Mexico Office reviewed National Tracing Center (NTC), Firearms Trace Summary #T20210501088, which indicates that RODARTE purchased one Barrett Firearms Mfg. Co., model 82A1, .50 caliber rifle, bearing Serial Number (SIN) AA012608, on or about June 23, 2021. This firearm has 140 days from purchase to recovery.

On September 9, 2022, in Reynosa, TM, Mexico, a Barrett .50 caliber rifle bearing Serial Number (SIN) AA011834 was recovered. The National Tracing Center (NTC), Firearms Trace Summary #T20220448411, indicates the firearm was purchased by RODARTE from BPW on or about June 19, 2021. To date, twelve of the twenty-two Barrett rifles purchased by the defendants have been recovered.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*[signature]*
IRVIN ALEJANDRO RODARTE

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent **with the low-end** of the United States Sentencing Guideline, as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(e) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I, IRVIN**

ALEJANDRO RODARTE, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    (c)    Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, IRVIN ALEJANDRO RODARTE, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
IRVIN ALEJANDRO RODARTE

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing

guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly

waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to
the charges, this agreement will become NULL and VOID. In that event, the government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or**

Page 12 of 19   Defendant's Initials _IR_

**should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charge and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which

may constitute or

relate to relevant conduct. Additionally, if this agreement contains any

provisions

providing for the dismissal of any counts, the defendant agrees to pay any

appropriate restitution to each of the separate and proximate victims related to

those counts should there be any.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit the government's authority to pursue any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative proceedings**, including any civil or administrative forfeiture proceedings.

The defendant agrees to consent to the entry of a final forfeiture judgment against him, pursuant to Fed. R. Crim. P. 32.2(b)(1) of all firearms and ammunition involved in or used in the commission of the offense in COUNTS ONE and TWO of the Indictment, including, but not limited to, **$1913 dollars in United States currency, a black Apple iPhone, similar to the XS Max, in blue camo case, a**

**blue Apple iPhone, similar to the 12 Pro Max, with a blue credit card holder on the back, a black Apple iPhone 12 Mini (A2176), (IMEI: #353005118683095), and a gold Apple iPhone XS (A1920), (imei: #356166094611380).** For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm and the criminal offense to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the government to pass clear title to forfeitable assets to the government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of the Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

**Non-Abatement of Criminal Forfeiture:** The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Plea Agreement. The forfeitability of any particular property pursuant to this Plea Agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this

Plea Agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendantunderstands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 19 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to

confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

7/25/24
DATE

IRVIN ALEJANDRO RODARTE

## XIII. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea

on the terms and conditions set forth herein.

7/25/24
DATE

KATHERINE PRITCHETT BOUNDS
Defendant's Counsel

## XIV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

7-30-24
DATE

DARIUS C. GREENE
Assistant United States Attorney

Page 19 of 19     Defendant's Initials ___